**So Ordered.** 

_Frederick P. Corbit_
**Frederick P. Corbit
Bankruptcy Judge**

**Dated: January 29th, 2015**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 14-03057-FPC13 |
|---|---|
| CHARLOTTE BETCHAN, | **MEMORANDUM DECISION REGARDING MOTION FOR RELIEF FROM STAY** |
| Debtor. | |

The Bank of New York Mellon (the "Bank") moved for relief from the Bankruptcy Code's automatic stay so that it may evict Charlotte Betchan from her home.[1] The Bank argues that Ms. Betchan no longer has a legal or equitable interest in the property because the Bank obtained a trustee's deed as a result of a foreclosure sale. Ms. Betchan objects to the Bank's request asserting that she still owns her home due to the foreclosure trustee's failure to authenticate the deed until after Ms. Betchan filed her chapter 13 bankruptcy petition.

---

[1] The movant identifies itself as "The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for Soundview Home Loan Trust 2005-CTX1, Asset-Backed Certificates, Series 2005-CTX1."

MEMORANDUM DECISION ~ Page 1

# FACTS

On August 25, 2005, Ms. Betchan signed a deed of trust to her home to secure a loan that was later assigned to the Bank. The home is located in Okanogan County, Washington. In 2013 or 2014, after Ms. Betchan defaulted on her loan, the Bank instructed the trustee for the deed of trust to commence a non-judicial foreclosure pursuant to Washington's Deeds of Trust Act.[2] On August 22, 2014, at 10:05 a.m., the trustee held a trustee's sale at which the Bank made a credit bid and was the highest bidder. Later the same day, at 3:35 p.m., Ms. Betchan filed a chapter 13 bankruptcy petition initiating the above-captioned case. Five days later, on August 27, 2014, the trustee's deed, which purported to transfer ownership of the home to the Bank, was authenticated in California by a notary public. Finally, on September 3, 2014, the Bank caused the trustee's deed to be physically delivered to Okanogan County for recording.

Ms. Betchan continues to reside at the property and, on October 6, 2014, she filed a plan of reorganization that provides for regular monthly payments on her home loan together with amounts necessary to cure past due obligations. Rather than accept payments from Ms. Betchan, the Bank requested relief from the Bankruptcy Code's automatic stay[3] and objected to Ms. Betchan's chapter 13 plan. The Bank's

---

[2] Wash. Rev. Code ("RCW") § 61.24 (2014).

[3] *See* 11 U.S.C. § 362(a).

arguments in its motion and at the bankruptcy court hearing held on January 20, 2015, were exclusively based on the allegation that the foreclosure sale was final prior to the filing of Ms. Betchan's bankruptcy petition.

## ISSUE

The controlling issue is whether the trustee's deed transferred ownership of Ms. Betchan's home to the Bank prior to Ms. Betchan filing her bankruptcy petition.

## DISCUSSION

The starting point for this court's analysis is RCW 64.04.010 which provides that "[e]very conveyance of real estate, or any interest therein . . . shall be by deed." Thus, under Washington law, the general rule is that a transfer of an interest in real property cannot occur absent a deed. Additionally, to qualify as a deed, an instrument must comply with RCW 64.04.020 which requires that "[e]very deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by this act to take acknowledgments of deeds." As a result, in Washington a document that purports to transfer an interest in real property is not effective until it is acknowledged by a notary public or other authorized person.[4] In other words, and as stated by the Supreme Court of

---

[4] Persons authorized to acknowledge deeds include judges, clerks of court and notary publics. RCW § 64.08.010 (2014).

Washington, "an instrument, in every other respect fully satisfying the requirements of a deed, except the acknowledgment of the grantor, is not yet a deed."[5]

Since an authorized person did not authenticate the trustee's deed until after Ms. Betchan filed her bankruptcy petition, the Bank must demonstrate an exception to the rule that an instrument purporting to transfer an interest in real property must be acknowledged to be effective. If the Bank cannot do so, this court must deny the Bank's motion because the filing of Ms. Betchan's bankruptcy petition invoked an automatic stay that operates to prevent any attempt by the Bank to exercise control over Ms. Betchan's home without leave of the court.[6] Any actions in violation of the bankruptcy stay are void.[7]

In support of its argument that the rule requiring authentication does not strictly apply here, the Bank points to the second sentence in RCW 61.24.050(1), which reads "if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter."[8] Thus, according to the Bank, "perfection of an interest in property is

---

[5] *Eggert v. Ford*, 21 Wash.2d 152, 154, 150 P.2d 719, 720 (1944).

[6] *See* 11 U.S.C. § 362(a)(1), (3), (4), (5) and (6).

[7] *See, e.g.*, *Schwartz v. U.S. (In re Schwartz)*, 954 F.2d 569 (9th Cir.1992).

[8] The Bank's brief contains an error in its recitation of the statute. Rather than correctly stating that RCW 61.24.050(1) provides that the "trustee's *sale* is final . . . if the trustee's deed is recorded within fifteen days thereafter," the Bank's brief states that the statute provides that the "trustee's *deed* is final . . . if the trustee's deed is recorded within fifteen days thereafter." Supplemental Br. in Supp. of Mot. for Relief from Stay 3:8-9, ECF No. 60.

effective and relates back to the date of sale . . . if the purchaser subsequently and timely records the trustee's deed within 15 days."[9] However, the issue before this court relates to conveyance rather than perfection.[10] Focusing on the second sentence in RCW 61.24.050(1) to address this issue fails to account for the first sentence which states in part: "Upon physical delivery . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale."[11] This language in the first sentence of RCW 61.24.050(1) is explicit and resolves the issue presented.

---

[9] *Id.* at 4:8-11.

[10] Unlike exercising control over the property, which is barred by 11 U.S.C. § 362(a), 11 U.S.C. § 362(b)(3) sets out an exception to the automatic stay for certain acts necessary to perfect a security interest. While the Bank raises section 362(b)(3), in an attempt to exclude its actions from being subject to the automatic stay, 362(b)(3) specifically addresses the timing of perfection of an interest in property rather than the timing of a transfer of property.

[11] RCW 61.24.050(1) and (2) read as follows:

> (1) Upon physical delivery of the trustee's deed to the purchaser, or a different grantee as designated by the purchaser following the trustee's sale, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. Except as provided in subsection (2) of this section, if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.
>
> (2)(a) Up to the eleventh day following the trustee's sale, the trustee, beneficiary, or authorized agent for the beneficiary may declare the trustee's sale and trustee's deed void for the following reasons:
>
>    (i) The trustee, beneficiary, or authorized agent for the beneficiary assert that there was an error with the trustee foreclosure sale process including, but not limited to, an erroneous opening bid amount made by or on behalf of the

If both the first and second sentences of RCW 61.24.050(1) were interpreted to identify the moment a property interest is transferred, the two sentences would be in conflict with each other.[12] At the very least, if the second sentence served to identify the timing of a conveyance, it would render the temporal identification in the first sentence meaningless. Therefore, to read the relevant portions of the two sentences in a manner that does not put them at odds necessarily requires them to be read to address different issues.[13] Nonetheless, the court recognizes that it need not determine the intent behind the language contained in the second sentence of

---

    foreclosing beneficiary at the trustee's sale;

    (ii) The borrower and beneficiary, or authorized agent for the beneficiary, had agreed prior to the trustee's sale to a loan modification agreement, forbearance plan, shared appreciation mortgage, or other loss mitigation agreement to postpone or discontinue the trustee's sale; or

    (iii) The beneficiary or authorized agent for the beneficiary had accepted funds that fully reinstated or satisfied the loan even if the beneficiary or authorized agent for the beneficiary had no legal duty to do so.

    (b) This subsection does not impose a duty upon the trustee any different than the obligations set forth under RCW 61.24.010(3) and (4).

[12] For example, if the second sentence of RCW 61.24.050(1) controls, the effective date of the transfer would be August 22, 2014. On the other hand, if the first sentence of RCW 61.24.050(1) controls, the effective date of the transfer would be August 27, 2014.

[13] The two sentences are compatible if the first is interpreted to refer to when the trustee's deed is effective and the second is read to set the time periods for the events described in the last sentence of RCW 61.24.050(1) and the events described in RCW 61.24.050(2)(a). This distinction was recognized by the Washington Court of Appeals in *Udall v. T.D. Escrow Servs., Inc.*, 132 Wash.App. 290, 299, 130 P.3d 908 (Wash. Ct. App. 2006) (rev'd on other grounds, *Udall v. T.D. Escrow Servs., Inc.*, 159 Wash.2d 903, 154 P.3d 882 (2007)) (stating that the purpose of recording a trustee's deed "is to place subsequent purchasers on notice of property's transfer from the owner to another, not to convey rights in land to the purchaser.").

RCW 61.24.050(1) as the first sentence explicitly identifies the timing of a conveyance and resolves the issue presented here. In the end, while RCW 61.24.050(1) may allow perfection to relate back to the date of sale, it also unambiguously provides that the interest in property is conveyed "[u]pon physical delivery of the trustee's deed" and, as mentioned above, an instrument cannot qualify as a deed without being "acknowledged by the party before some person authorized … to take acknowledgments of deeds."[14]

The court's reasoning here is in accord with well-established Washington State law. Interpreting the Deeds of Trust Act in order to circumvent the specific statutory requirement that a deed must be authenticated would be inappropriate given express instructions from the Supreme Court of Washington on how the Act must be interpreted. The Washington Supreme Court has repeatedly stated that the Deeds of Trust Act "must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales."[15]

---

[14] RCW § 64.04.020 (2014).

[15] *See Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 789, 295 P.3d 1179 (2013) (citing *Udall v. T.D. Escrow Servs., Inc.*, 159 Wash.2d 903, 915-16, 154 P.3d 882 (2007)). Additionally, interpreting the Deeds of Trust Act in a manner that gives Ms. Betchan the opportunity to make payments to the Bank, in order to keep her home, is consistent with the three basic objectives of the Act, which are (1) to insure that the non-judicial foreclosure practice remains efficient and inexpensive, (2) to provide an adequate opportunity for interested parties to prevent wrongful foreclosures, and (3) to promote the stability of land titles. See comment, *Courts Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington*, 59 Wash.L.Rev. 323, 330 (1984), which was cited by the Washington Supreme Court in *Cox v. Helenius*, 103 Wash.2d

In further support of its position, the Bank cites two cases – *In re Garner* and *In re Bell*;[16] however, these cases are not on point. While the relevant facts in *Garner* are similar to those here, the court interpreted a California foreclosure statute that is different in a material respect from RCW 61.24.050(1).[17] The statute at issue in *Garner* contains relation back language similar to the relation back clause in RCW 61.24.050(1), but does not contain language corresponding to the first sentence in RCW 61.24.050(1) that specifically identifies the moment of actual conveyance. The relevant portion of the statute addressed in *Garner* reads: "[T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale."[18] Without a clause in the California foreclosure statute specifying the moment that property is conveyed, the *Garner* court concluded that the relation back provision affected the time of transfers in California as well as the time of perfection. However, since the Washington

---

383, 387, 693 P.2d 683 (1985). First, if trustees have reason to more promptly issue their trustee's deeds, the foreclosure process will be more efficient. Second, giving borrowers the opportunity to pay off their loans up until when the trustee's deed is issued provides borrowers with the opportunity to prevent wrongful foreclosures. Finally, making it clear that title does not pass until a valid deed has been prepared promotes the stability of land titles.

[16] *In re Garner*, 208 B.R. 698 (Bankr. N.D. Cal. 1997) and *In re Bell*, 386 B.R. 282 (W.D. Wash. 2008).

[17] *Garner*, 208 B.R. at 698.

[18] Cal. Civ. Code § 2924h(c) (Deering 2015).

Deeds of Trust Act contains a specific clause that requires physical delivery of a deed to transfer an interest in real property, Washington law requires a different result.[19]

Finally, while *Bell* addresses Washington law with respect to whether a trustee properly conveyed title by way of a trustee's deed, the facts of that case differ from those here.[20] In *Bell*, there was both a pre-petition foreclosure sale and a pre-petition delivery of a valid trustee's deed. The facts in *Bell* eliminate any need to determine the timing of the transfer. As such, the court's conclusion here is compatible with *Bell*.

## CONCLUSION

As set forth in RCW 64.04.010, the transfer of an interest in Washington real property cannot occur absent a deed that complies with the requirements of RCW 64.04.020. Furthermore, in connection with a deed of trust foreclosure, RCW 61.24.050(1) explicitly provides that the physical delivery of a trustee's deed marks the moment when a conveyance of real property occurs. Based on these statutes, this court concludes that there was no valid transfer of Ms. Betchan's home

---

[19] A slight variation in the California statute may have been enough for the *Garner* court to come to a different conclusion. The *Garner* court stated that "an argument may be made that section 2924h(c) is only effective if the foreclosure sale deed has been issued before the bankruptcy petition is filed" and that "the answer to this question is not perfectly clear." *Garner*, 208 B.R. at 701.

[20] *Bell*, 386 B.R. at 282.

to the Bank prior to Ms. Betchan filing her bankruptcy petition and, further, that the post-petition transfer is void because it was in violation of 11 U.S.C. § 362(a). Therefore, the Bank's motion is denied.

/// END OF MEMORANDUM DECISION///